BROWN *et al.*, *Plaintiffs in Error*, v. THE CITY OF CAPE GIRARDEAU.

| 90 | 377 |
| 138 | 159 |
| 139 | 302 |
| 90 | 377 |
| 73a | 346 |

1. **Municipal Corporation, When Liable for Acts of Agent:** TORTS. A municipal corporation is liable for the acts of its ·agents injurious to others, when the act is, in its nature, lawful and authorized, but is done in an unlawful manner, or unauthorized place, but it is not liable for injurious and tortious acts, which are, in their nature, unlawful or prohibited.

2. **Municipal Corporation, Taxation By:** GRANT OF POWER BY STATE. The right of a municipal corporation to sue for, and collect taxes, depends upon its authority, under the statutes, or grant of power by the state, to levy and impose the same.

3. **Malicious Prosecution:** PLEADING: SUIT BY MUNICIPAL CORPORATION FOR TAXES. In an action for malicious prosecution, the petition should state facts, and not the conclusion of the pleader upon the facts, and in an action against a municipal corporation to recover damages for the malicious prosecution of a suit for taxes, the petition must contain facts sufficient to enable the court to determine whether or not the corporation had authority to levy, impose and collect the taxes involved in the suit, and it must also appear what the taxes were for, and when, or how, imposed.

4. ——: ——: ——: MOTIVE. If the municipal corporation had authority, under the law, and its valid ordinances, to impose the taxes, and authority to collect the same, its motives would be irrelevant and immaterial.

*Error to Cape Girardeau Court of Common Pleas.*—HON.
ROBERT L. WILSON, Judge.

AFFIRMED.

*Lewis Brown* for plaintiffs in error.

Fraud and damage will give a party relief in any
court, either of law or equity. The malicious prosecu-
tion of a civil action, without reasonable or probable
cause, is a good cause of action against the party pros-
ecuting such suit. *Alexander v. Harrison*, 38 Mo. 258 ;
*Brady v. Ervin*, 48 Mo. 533. A municipal corporation
is liable in damages for injuries to the citizen. The
nature of the injuries is not the test of liability. *Sou-
lard v. St. Louis*, 36 Mo. 546 ; *Maleck v. Tower Grove*,
57 Mo. 17 ; *Howenstein v. Railroad*, 55 Mo. 33 ; *Per-
kins v. Railroad*, 55 Mo. 201 ; *Imler v. Springfield*, 55
Mo. 119. The current of American authorities is, that
such corporations are not responsible for acts of political
or legislative authority, but in the discharge of minis-
terial or specified duties, assumed in consideration of the
privileges conferred by their charter, they are respon-
sible for the misconduct, negligence or omission of its
servants. Cooley's Const. Lim., 248–9 ; Cooley on
Torts, 122–3 ; *Richmond v. Long*, 17 Gratt. 375 ;
*Rochester, etc., v. Rochester*, 3 N. Y. App. 463 ; *Lloyd
v. Mayor*, 1 Seldon (N. Y.) 369 ; *Delmonico v. Mayor*,
1 Sanford (N. Y.) 222 ; *Iveet v. Trustees, etc.*, 16 N. Y
161 ; *Hannon v. St. Louis*, 62 Mo. 316–17 ; *St. Louis
v. Gurno*, 12 Mo. 419. A municipal corporation is lia-
ble, in an action of tort, for the irregular and illegal
exercise, by its authorized agents, of a power which the
corporation possesses. *Howell v. Buffalo,* 15 N. Y. 512 ;
*Wilde v. New Orleans*, 12 La. Ann. 15 ; *Soulard v. St.
Louis*, 36 Mo. 546 ; *Hildreth v. Lowell*, 11 Gray, 345 ;

*Wallace v. Muscatine*, 4 Greene, 373; *McCombs v. Ackron*, 15 Ohio, 474; *Thayer v. Boston*, 19 Pick. 511; *Boom v. Utica*, 2 Barb. 104; *Smith v. Birmingham*, 1 A. & E. 526.

*W. D. Penny* and *J. B. Dennis* for defendant in error.

(1) The question as to whether or not a municipal corporation is liable in an action for malicious prosecution, cannot properly arise in this action: (*a*) Because the pleadings nowhere allege, or admit, that defendant is a corporation of any kind. (*b*) If the petition had so alleged, the objection would have been taken advantage of by demurrer to plaintiffs' cause of action. (2) The petition was manifestly defective. Revised Statutes, 1879, section 3511, provides that the petition shall contain "a plain and concise statement of the facts constituting the cause of action without unnecessary repetition." In *Scott v. Robards*, 67 Mo. 298, this court say: "All the facts which constitute the cause of action, must be stated." "Every fact which the plaintiff must prove, to maintain his suit, must be alleged." *Pier v. Heinrichoffen*, 52 Mo. 333. And the facts, when pleaded, must show a legal cause of action; such as, if true, would entitle the plaintiff to a judgment. *Jones v. Fuller*, 38 Mo. 363; *Biddle v. Boyce*, 13 Mo. 532; *Bankston v. Farris*, 26 Mo. 175. The petition does not state, (*a*) That the defendant is a municipal corporation, a necessary allegation. *Higgins v. Railroad*, 36 Mo. 418; *State v. Patton*, 42 Mo. 530.; *State v. Watson*, 38 Mo. 489. (*b*) Does not state that defendant is empowered by its charter to sue and be sued. (*c*) Does not affirm or deny that defendant is authorized to assess taxes. (*c*) Does not affirm or deny that defendant is authorized to sue for and collect taxes. These and other omitted averments we think necessary to state a cause of action, because it is well settled

that, "to create a liability for damages, it is fundamentally necessary that the act done, which is injurious to others, must be within the scope of the corporate power, as prescribed by charter or positive enactment." 2 Dill. Mun. Corp. [3 Ed.] sec. 968 ; *Hunt v. Brownville*, 65 Mo. 620 ; *Schumacher v. Louis*, 3 Mo. App. 297. And in *State v. Harper*, 58 Mo. 530, this court say : "The powers conferred on municipalities are subordinate to the powers of the legislature over the same subject, and the latter will never be presumed to have abdicated its right to exercise these powers, unless it is plainly so stated," etc. In *Bowie v. Kansas City*, 51 Mo. 454, it is said : "Where the existence of a public corporation within this state is admitted, particularly of a municipal corporation, the courts will take judicial cognizance of the laws regulating its organization, rights and duties." (3) But the pleadings neither affirm nor admit the existence of a corporation of any kind, and, from the petition in this case, it could not be ascertained whether defendant is a steamboat or passenger car. The allegation in plaintiffs' petition that defendant "wilfully, maliciously, and without probable cause, instituted, and caused to be instituted against these plaintiffs, a certain false, groundless, malicious and vexatious suit," etc.   *  *  *   "for taxes," smacks more of a conclusion of law, than a plain and concise statement of the facts constituting plaintiffs' cause of action. The one matter upon which plaintiffs seem to rely for recovery, etc., the continuance of said suits from term to term, from 1879 to 1884, does not constitute a cause of action.

RAY, J.—The first count of the petition in this case is as follows :

Plaintiffs state that they are now, and for more than fifteen years last past have been, husband and wife. Plaintiffs state that defendant wilfully, maliciously and without probable cause, instituted, and caused to be

instituted, against these plaintiffs, a certain groundless, false, malicious and vexatious suit in this court, on, or about the ninth day of April, 1879, for certain taxes, alleged to be due and owing by this plaintiff, Theodocia Brown ; that said suit was made returnable to the May term, 1879, of this court ; and by the statutes in such cases made and provided, said suit was triable at said May term, 1879 ; nevertheless, plaintiffs state that said action was never brought to a hearing by this defendant, although solicited, demanded, and requested so to do ; that thereafter the said city of Cape Girardeau, on, to-wit, January 30, 1884, in term time of said court, did, voluntarily, dismiss the same, and so said cause of action had wholly ceased, and been determined as aforesaid ; that by reason of said false, malicious and groundless suit, as aforesaid, plaintiff, Theodocia Brown, hath been put to great trouble, annoyance, and the employment of an attorney, to her damage in a great sum, to-wit: the sum of five hundred dollars, for which she demands judgment.

The second count is for damages for the institution of another suit for taxes in the following July, and its allegations are in all respects similar.

The answer of defendant was a general denial. The cause coming on for trial, defendant objected to the introduction of any evidence, upon the grounds that the petition did not state facts sufficient to constitute a cause of action, and because a municipal corporation is not liable in damages for the malicious prosecution of civil actions, which objections were sustained, and plaintiffs excepted. This ruling of the court is the only error complained of and the only question now before us.

As between mere private parties, actions may be maintained for the malicious institution, without probable cause, of a civil suit, but even as between these, the authorities are not uniform as to what cases are embraced within the rule. Such cases as those for the

malicious institution of suits in bankruptcy, or by attachments of the property, or proceedings to declare a person insane, or civil suits maliciously begun by the arrest of the party, are, perhaps, generally recognized within the rule. A class of cases, of which *Clossan v. Staples*, 42 Vt. 209, is perhaps the leading one, holds that where a civil suit is commenced and prosecuted maliciously, without probable cause, and is terminated in favor of the defendant, the plaintiff is liable for the damages sustained in defending, at least, such damages as are in excess of the taxable costs. In *Mayor v. Walter*, 64 Pa. St. 283, Sharswood, speaking for the court, observes : " If the person be not arrested, or his property seized, it is unimportant how futile and unfounded the action may be, as plaintiff, in consideration of law, is punished by the payment of costs." The English cases, observes Cooley, in his work on Torts, support the view entertained by the Pennsylvania case. He also makes the comment, in the text, "that if every suit may be re-tried on an allegation of malice, the evils would be intolerable, and the malice in each subsequent suit would be likely greater than in the first." Cooley on Torts, 189.

We have not been furnished, in the brief of counsel, with a citation to any authority, if such exists, in which this rule has been extended so as to expressly embrace the case of liability of a municipal corporation for the malicious prosecution of a civil suit. The liability of such corporations for torts, in some instances, is now well settled, and has been recognized by this court. Among others, is the case of *Worley v. Inhabitants of Columbia*, 88 Mo. 110, in which the facts were, that plaintiff had been arrested and imprisoned, by the town authorities, under a void ordinance. This court there said : " It is the rule in this state, in this class of cases, that the corporation is liable for the act of its agents, injurious to others, when the act is in its nature lawful and authorized, but done in an unlawful manner, or unauthorized

place, but is not liable for injurious and tortious acts, which are, in their nature, unlawful or prohibited." The case contains an extended discussion of the general question, and a review of the cases upon the subject, and in its principle and analogies is, we think, conclusive of the case now before us. The right of the corporation to sue for, and to collect, taxes, would depend upon its authority, under the statutes, or grant of power by the state, to levy and impose the same. As to this, municipal corporations exercise governmental powers, conferred upon them by law, within prescribed limits, for local convenience, and for the public good.

The petition in the case contains no statement of facts sufficient to enable us to determine whether or not the corporation had, or had not, the authority to levy and impose, and to collect, the taxes involved in said suits. It does not appear what said taxes were for, or when, or how, imposed. If the taxes were valid, and it had authority, under the law, or its powers and valid ordinances, to impose them, and authority to collect the same, its motives are irrelevant and immaterial. The motives of the constituted and authorized law makers are such only as appear on the face of their enactments, and are not otherwise judicially subject to examination. *Mayor v. Randolph*, 4 Watts & Serg. [Pa.] 514. As to such persons, it may be that the absence of all authority is the equivalent of the want of probable cause in the ordinary action. In any event, the facts, and not the conclusion of the pleader upon the facts, should be averred, to show the want of authority, or want of probable cause. Such is the rule of pleading in the ordinary action for malicious prosecution. In the present case, the petition is fatally defective, for want of a sufficient statement of facts. And the action of the court, in sustaining the demurrer, is, therefore, approved, and its judgment in the cause affirmed. All concur.