MARY F. EAGLETON, Respondent, v. GEORGE KABRICH AND C. C. LONGLEY, Appellants.

### St. Louis Court of Appeals, April 7, 1896.

1. **Malicious Prosecution**: PLEADING. A petition states a cause of action for malicious prosecution when it states, in substance, that the defendant, acting with malice and without probable cause, procured the issue of a warrant charging the plaintiff with a felony; that the latter was arrested on the warrant; and that the prosecution has been dismissed by the defendant, and the plaintiff discharged.

2. ——: EFFECT OF VOLUNTARY DISMISSAL OF CRIMINAL PROSECUTION. The fact that a criminal proceeding was voluntarily dismissed by the prosecuting witness, and the defendant therein discharged, will constitute evidence of the want of probable cause for the proceeding in an action for malicious prosecution based thereon.

3. ——: EXEMPLARY DAMAGES: EVIDENCE OF DEFENDANT'S WEALTH. When exemplary damages are recoverable in an action for malicious prosecution, the defendant's financial ability may be shown by the plaintiff.

Eagleton v. Kabrich and Longley.

4. ———: PROOF OF PROBABLE CAUSE. An action of malicious prosecution was based upon the arrest of the plaintiff at the instance of the defendant on the charge of obtaining goods under false pretenses. *Held*, that probable cause could not be established by proof that the plaintiff had been arrested upon another but similar charge and had settled the claim to procure his release.

5. ———: ———. The defendant in this action sued the plaintiff, by attachment, for goods sold, and subsequently procured the arrest of the latter on the charge that the goods were obtained under false pretenses. On this arrest was based the present action for malicious prosecution. *Held*, that the record in the attachment suit was admissible in evidence in the present action to show that the affidavit for the attachment did not allege as grounds facts upon which the arrest was sought to be vindicated.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*W. W. Fry* and *D. A. Murphy* for appellants.

*E. S. Gantt* and *George Robertson* for respondent.

ROMBAUER, P. J.—The plaintiff recovered a judgment for heavy damages against both defendants in an action for malicious prosecution. The defendants, after unsuccessful motions for new trial and in arrest of judgment, appeal and assign numerous errors, which will be noticed in their regular order.

The facts which bear upon the errors assigned may be summarized as follows: The plaintiff, who was the wife of Thomas Eagleton, bought on December 15 and 16, 1893, from the defendant Longley, who was the salesman of the defendant Kabrich, a bill of merchandise amounting to $38.75. On the third day of January, 1894, George Kabrich & Company instituted an action by attachment against Thomas Eagleton for the recovery of this bill, and assigned as the only ground of attachment in the affidavit that the defendants "had

left the country and state for the purpose of defraud-
ing their creditors." Kabrich & Company recovered
judgment in this action, but the execution issued
thereon was returned unsatisfied. On the fifth day of
June, 1894, the defendant Longley filed the following
affidavit before a justice of the peace:

"STATE OF MISSOURI,  }
"County of Audrain.  }

"STATE OF MISSOURI, Plaintiff; C. C.  }
        LONGLEY, Prosecutor,                  }
            v.                                }
"MRS. THOS. EAGLETON, Defendant.  }

"Geo. Kabrich & Company, by C. C. Longley, makes
affidavit and also makes oath based upon information
of C. C. Longley, and informs the court that Mrs.
Thos. Eagleton on or about the fifteenth of December,
at the county and state aforesaid, did then and there
unlawfully and feloniously, with the intent to cheat and
defraud, obtain from one Geo. Kabrich & Company dif-
erent kinds of dry goods and merchandise, of the value
of $38.75, by means and by use of a false and fraudu-
lent representation and statements, and false pretense,
contrary to the form of the statute and against the
peace and dignity of the state.

                    "GEO. KABRICH & Co.,
                    "By C. C. LONGLEY."

A warrant was issued on this affidavit against the
plaintiff by name of Mrs. Thomas Eagleton, and she
was arrested thereon and placed in the county jail.
The plaintiff was pregnant at the time of her arrest,
and the labors of childbirth came upon her while she
was in jail. She was thereupon, at the request of the
county physician, removed to a neighboring hotel,
where she gave birth to a child the next day. The day
when the child was born the defendant Longley ap-

peared before the justice and dismissed the prosecution, whereupon the justice made the following entry in his docket: "It is, therefore, adjudged by me that the defendant do go hence acquit without delay, and that the prosecutors, Geo. Kabrich and C. C. Longley, pay the costs of this prosecution." It was in evidence that part of the costs of this prosecution were paid by George Kabrich in person. It was also in evidence that, shortly after the attachment suit was instituted, Kabrich had repeatedly threatened the plaintiff to have her arrested, and that he made a remark to a witness that he would have her arrested shortly before the arrest took place.

I. Complaint is made that the petition fails to state a cause of action. This complaint is without merit. The petition contains a great deal of surplusage, but does contain the essential averments to support this action, namely: That the defendants procured the issuance of a warrant charging the plaintiff with a felony, that the plaintiff was arrested upon said warrant, and that in all this the defendants acted maliciously with malice toward the plaintiff and without any probable cause whatever; also that the prosecution was dismissed by the defendants, and the plaintiff discharged.

II. The assignment, that the evidence was insufficient to connect the defendant Kabrich with the prosecution, is likewise without merit. It is not claimed that a master can be held liable for a malicious prosecution instituted by his servant without his (the master's) directions, but there was sufficient evidence in the case to authorize the inference that the prosecution was by the direction of Kabrich. It was shown that Kabrich had repeatedly and at various times, and shortly preceding the arrest, threatened the plaintiff with the arrest unless she would pay the bill, and that, after the pros-

ecution was terminated, he paid part of its costs. It was also shown by his own testimony that he knew that Longley contemplated swearing out a warrant. In fact, all the circumstances furnish very persuasive evidence that Kabrich was willing to take the fruits of the arrest, and only became anxious to sever his connection with it when the arrest proved fruitless in collecting his claim, and when the plaintiff's physical condition made the consequences of the arrest assume formidable proportions. There is not a particle of evidence in the record which has even a tendency to show that the sole object of the arrest was anything else than an attempt to collect a debt by criminal proceedings.

III. There was no error in the ruling upon the evidence. The record in the attachment suit was properly admitted. It had a tendency to show that the merchandise was sold both on the fifteenth and sixteenth of December. It had a further tendency to show that neither in the original or amended affidavits for attachment was any claim advanced that the debt sued for was fraudulently contracted, or that the debtor had failed to pay the price of the articles delivered which he was bound to pay for upon delivery. Yet these two grounds are the only ones upon which the subsequent arrest for obtaining the goods under false pretenses are based according to the defendants' testimony. The evidence, therefore, had a very material bearing upon the question of probable cause.

The court ruled out evidence tending to show that the plaintiff had been arrested in another action upon a similar charge, and had settled the debt to procure her own release, and complaint is made of that ruling. It was decided in *Hill v. Palm*, 38 Mo. 13–20, that it is not competent to show, in support of probable cause, that the plaintiff was guilty of another and different

offense.    But the above testimony offered and rejected by the court in this case had not even a tendency to show that the plaintiff was guilty of another offense, unless an inference can be drawn that a debt, which is justly due, has been feloniously contracted because it was paid after arrest.

IV.    Complaint is made of the instructions given for plaintiff.    The first instruction tells the jury, in substance, that if Longley with malice and without probable cause instituted the prosecution, it the duty of the jury to return a verdict for the plaintiff.    This instruction is erroneously *incomplete* in not confining the recovery in the case stated to Longley alone.    This error is, however, harmless in view of the fact that the court at the instance of the defendants gave the following instruction:

"The court instructs the jury that, in order to entitle plaintiff to recover against the defendant, George Kabrich, the jury must believe from the evidence that the warrant was sued out by him or counseled and advised by him, or that he voluntarily participated in the prosecution,    and that it was carried    on    with    his approval, to have said warrant issued without reasonable or probable cause therefor, and with malice toward the plaintiff; and if the jury should not so believe, they must find for the defendant, Kabrich."

Complaint is also made of the plaintiff's second instruction, which tells the jury that the fact that the prosecution was dismissed and the defendant discharged is evidence *tending to show* that there was no probable cause for it.    It has been repeatedly decided in this state that the discharge of the plaintiff by the committing magistrate, or the refusal of the grand jury to find an indictment, was evidence of a want of probable cause.    *Casperson v. Sproule*, 39 Mo. 39; *Callahan v. Caffarata*, 39 Mo. 136; *Sappington v. Watson*, 50 Mo.

83. Whether the same effect should be given to the voluntary dismissal of a prosecution is not quite clear, and the case of *Smith v. Burrus*, 106 Mo. 94, leaves the question in doubt. Where, as in this case, the affidavit upon which the arrest is made is fatally defective, and the discharge of the prisoner would be the necessary result of a hearing, and where, moreover, the dismissal is not followed by a new prosecution, it is difficult to see why the voluntary dismissal should not be *some* evidence of the unauthorized institution of a suit. When the prosecuting witness fails to appear, the suit is usually dismissed, since, practically, these prosecutions are conducted more in the furtherance of private interests than for the security of the commonwealth. Shall we say that, when the result is brought about by the negative action of the prosecuting witness, the prisoner's discharge is evidence of an unauthorized prosecution, but, where it is brought about by his affirmative action, it is not even *prima facie* evidence? The logic of such an argument does not commend itself to our favorable consideration. We may add in this connection that it has been repeatedly and *justly* decided that evidence that a criminal prosecution is commenced for the purpose of enforcing a property claim is proof of the want of probable cause. *Schofield v. Ferrers*, 47 Pa. St. 194; *Lueck v. Heisler*, 58 N. W. Rep. 1101. The record in this case bears conclusive evidence that the sole object of the prosecution was the collection of the debt which the plaintiff had contracted with Kabrich.

The instruction on the subject of punitive damages told the jury that they *might*, and not that they should, allow such damages; hence it was correct, for the case was certainly one which warranted the recovery of punitive damages. In cases of that kind, evidence of the defendant's financial ability has always been held

admissible in this state.    *Buckley v. Knapp*, 48 Mo.
152; *Beck v. Dowell*, 111 Mo. 506.    There was, there-
fore, no error in the admission of the evidence on that
head, of which the defendants likewise complain.

Other minor complaints are made by the defend-
ants, all of which are substantially covered by what
has been hereinabove stated.    It results from the fore-
going that the judgment of the trial court must be
affirmed.    So ordered.    All the judges concur.