JOHN HILBRANT, Respondent, v. ROBERT DONALDSON, Appellant.

St. Louis Court of Appeals, February 2, 1897.

1. **Malicious Prosecution**: PETITION, SUFFICIENCY OF. In an action for malicious prosecution, an allegation of the petition that the prosecution was malicious and without probable cause, and that it was ended, was a sufficient statement of a cause of action in such proceeding. And the petition was not rendered defective by a failure to make a separate statement of the actual and exemplary damages sought to be recovered, where the statute requiring such statements was not in force at the time of the filing of the petition.

2. ———: EVIDENCE, GENERAL OBJECTION TO ADMISSION OR REJECTION OF. On a general objection to the admission or rejection of evidence in a cause, where there is no suggestion or intimation by the party objecting as to what portion of the evidence is intended to be reached by his objection, and there is nothing in his brief or argument indicating the meaning of the objection, the appellate court will not undertake to exhume from a voluminous record the particular portion of the testimony to which such objection was intended to be applied.

3. ———: INSTRUCTIONS. An instruction offered in such action, which assumed it was incumbent on plaintiff to show *both* the commencement and the prosecution of the charge, "maliciously and without probable cause," to warrant a recovery, was erroneous and properly refused. It was sufficient to entitle plaintiff to a recovery if he proved *either* that the prosecution was commenced or continued "maliciously and without probable cause." So, also, was an instruction offered erroneous and properly refused, which directed the jury to find "that defendant did not believe plaintiff was guilty of the crime charged, and that from the facts proven, an ordinary, reasonable, prudent man would not have believed him guilty." It was not

necessary for plaintiff to establish both of these propositions; it was sufficient for him to adduce evidence tending to show that "a reasonable, prudent man" of ordinary intelligence could not have believed such charge to be true.

4. ——: VERDICT. Nor was there any merit in the contention, in such action, that the finding of the jury should not have been separately expressed in their verdict, which was rendered after the recent act *supra* became operative and prepared in accordance with its requirements. Such contention was inconsistent with the theory of appellant that the petition should have been drawn under that act.

*Appeal from the Scotland Circuit Court.*—HON. BENJAMIN E. TURNER, Judge.

AFFIRMED.

*John M. Jayne* for appellant.

The court erred in refusing to give the instruction asked by defendant requiring plaintiff to show both malice and want of probable cause before he could maintain his action. *Sappington v. Watson,* 50 Mo. 83; *Sharp v. Johnston,* 59 *Id.* 557; *Vansickle v. Brown,* 68 *Id.* 627.

The questions to be tried are, did the appellant believe the respondent guilty, and did he have reasonable grounds for so believing. *Vansickle v. Brown,* 68 Mo. 627; *Stone v. Crocker,* 24 Pick. 81, 82. See, also, 14 Am. and Eng. Ency. of Law, 64, note 4, and cases cited.

The fact that the accused proves himself not guilty has no tendency to establish want of probable cause. The evidence must be inconsistent with the theory that the defendant honestly believed, and had good reason to believe, that the plaintiff was guilty. *Legallee v. Blaisdell,* 134 Mass. 473; *Christian v. Hanna,* 58 Mo. App. 37, 42.

Before the jury could have found a verdict for

respondent there must have been some evidence that the appellant was a party to the prosecution complained of. *Diell v. R. R.*, 37 Mo. App. 454; *Engelke v. Chouteau*, 98 Mo. 629.

*Smoot, Mudd & Wagner* for respondent.

The appellate court tries the case on the abstract, not on the transcript. *Wilds v. Ins. Co.*, 65 Mo. App. 78; *Trauble v. Woolman*, 62 *Id.* 541.

This court will not consider objections to instructions which require an examination of the evidence, where the abstract presents mere excerpts from the evidence. *Aultman v. Taylor Co.*, 52 Mo. App. 351; *Goodson v. R. R.*, 23 *Id.* 76; *State v. Pace*, 34 *Id.* 458; *Nichol v. Nichol*, 39 *Id.* 291; *Deering v. Collins*, 38 *Id.* 80; *Bank v. Davidson*, 40 *Id.* 421. See, also, as to review of evidence required to be set out in printed abstract, *Bowlin v. Creel*, 63 Mo. App. 229; *Spence v. Crain,* 47 *Id.* 321; *Irvine v. Karnes*, 58 *Id.* 254; *Garrett v. Manney*, 111 Mo. 279.

Nor will this court review an exception on the ground that the damages were excessive, where no evidence as to the extent of the damages is given in abstract. *Churchman v. Kansas City*, 49 Mo. App. 366. Nor will the court review the action of the court below in refusing instructions where the record is voluminous. *Sage v. Tucker*, 51 Mo. App. 336; *Lindsey v. Dixon*, 52 *Id.* 291.

Where the instructions given fairly present the case, they will not be reversed for failure to give other instructions. *Cook v. Farrol*, 105 Mo. 492.

It was not necessary that the prosecution should have been both commenced and continued without probable cause. If it was so commenced or continued, it is sufficient, and the first refused instruction of ap-

pellant is not the law. *Finley v. Refrigerator Co.*, 99 Mo. 559.

It is not what defendant believed, but what he had reasonable ground to believe or suspect, that goes to the question of probable cause. *Davis v. Wisher*, 72 Mo. 262; *Brown v. Willoughby*, 5 Colo. 1; *Fugate v. Miller*, 109 Mo. 281.

The instructions given fairly present the case and cover every phase of it in the light of the evidence. *Fugate v. Miller*, 109 Mo. 281.

Proper evidence to establish the liability of defendant is that he hired an attorney or agent to conduct the prosecution, or gave instructions concerning it, or was otherwise active in forwarding it. 2 Stark. Ev. [7 Am. Ed.], p. 677; *Stanbury v. Fogle*, 37 Md. 369; *Cameron v. Express Co.*, 48 Mo. App. 99.

BOND, J.—This is an action for malicious prosecution, it being alleged, among other things, that defendant "falsely and maliciously and without probable cause whatsoever, at his own instance caused and procured the plaintiff to be charged with the crime of unlawfully, willfully, and maliciously injuring and destroying a certain bridge erected and maintained for public use, etc.;" that defendant was arrested under such charge, and upon a trial thereof discharged by order of court. The answer is a general denial and a plea that the prosecution was instituted by the prosecuting attorney of the county after defendant and other citizens had laid before him the matters in their knowledge concerning the offense charged and all other facts, which they could have learned by reasonable diligence; that defendant had no further connection with the case than as a witness on the trial, and that he acted in all respects in good faith and without malice. There was evidence tending to prove the allegations of the peti-

tion, and also the defenses made in the answer. The jury found for plaintiff $125 as actual damages, and $250 as exemplary damages. After the overruling of his motion for new trial, defendant appealed.

The first error complained of in this court is that the petition does not state a cause of action. This point is not well taken. The petition alleges that the prosecution was malicious and without probable cause, and that it was ended. This constitutes a sufficient statement of a cause of action. Neither

MALICIOUS prose-
cution: petition:
sufficiency of.

is there any merit in the contention of appellant that the petition is defective in failing to make a separate statement of the actual and exemplary damages sought to be recovered. The statute requiring such statements was not in force at the time the petition was filed in this cause, to wit, March 30, 1895. Acts of 1895, p. 168.

The next complaint of appellant relates to the admission and rejection of evidence. No suggestion or intimation is given by appellant as to what part or portion of the evidence in this cause is intended to be

GENERAL objec-
tion to admission
or exclusion
of evidence.

reached by this objection. Nowhere in his statement, brief, or argument is any testimony which is claimed to be incompetent or which was improperly excluded. In fact, although the transcript embraces one hundred and fourteen pages of typewritten matter, appellant undertakes to compress the entire evidence in a statement of its effect which does not exceed twenty lines of printed matter. Obviously this court will not undertake to exhume from the voluminous transcript the particular portion of the testimony to which the objection in question was intended to be applied, when there is nothing in appellant's brief or argument affording a clew to the meaning of his general objection. The only complaint made in the brief as to the instructions is

that the court refused five which were offered by appellant.    Two of these are to wit:

"(1) It requires both the procuring of the arrest and prosecution, maliciously and without probable cause, to maintain this action.   Defendant must have actually acted on his own motion, and not on the advice of a lawyer, after having stated all the facts to him he was possessed of, or could have obtained on reasonable inquiry, with an evil intention prompted by a wicked heart, against one that an ordinary, prudent man would not have believed guilty under the facts and circumstances."

"(2)   Though you may believe that plaintiff has proven by a preponderance of the evidence in the cause, that defendant caused the arrest and prosecution of plaintiff, and was prompted so to do through and by malice, yet unless you believe by a preponderance of the whole evidence in the cause that defendant did not believe plaintiff was guilty of the crime charged, and that from the facts proven, an ordinary, reasonable, prudent man would not have believed him guilty, you will find for the defendant."

Each of the foregoing instructions was clearly erroneous, and therefore properly refused.    The vice of the first is that it assumes that it was incumbent on the plaintiff to show *both* the commencement and prosecution of the charge, maliciously and without probable cause, to warrant a recovery.    This is not the law.    If the plaintiff proved *either* that the prosecution was commenced or continued maliciously and without probable cause, he would be entitled to recover.    *Finley v. St. Louis Refrig. & W. G. Co.*, 99 Mo. *loc. cit.* 563.    The error in the second instruction, *supra*, consists in the fact that it required the jury to find "that defendant did

not believe plaintiff was guilty of the crime charged, and what from the facts proven, an ordinary, reasonable, prudent man would not have believed him guilty." It was not necessary for plaintiff to establish both of these propositions. It was sufficient for plaintiff to adduce evidence tending to prove that a reasonable and prudent man of ordinary intelligence could not have believed the charge in question to be true. It was not necessary for plaintiff to go further and establish the personal disbelief of defendant. *Firer v. Lowery,* 59 Mo. App. *loc. cit.* 97.

The other three instructions complained of need not be set out, as they were fully and completely embraced in those given by the court at appellant's request, hence they were properly refused. It is insisted in a general way that the verdict is excessive. No grounds are suggested in support of this contention, and we do not so consider it. It is further alleged that the finding by the jury should not have been separately expressed in their verdict. This contention is inconsistent with appellant's theory that the petition should have been drawn under the recent act, *supra.* There is, however, no merit in the point. The verdict having been rendered after the act became operative, was prepared in accordance with its requirements. Whether this was necessary or not inasmuch as the suit was begun prior to the time the act was in force, need not be decided. It could not have prejudiced appellant, since it gave him all the benefit which he could have derived under a law which was evidently enacted for the benefit of defendants on motions for new trial or appeal in actions sounding in tort.

VERDICT.

Finding no reversible error in this record the judgment will be affirmed. All concur.