MICHAEL K. WILLIAMS, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY CO., Appellant.

Kansas City Court of Appeals, March 7, 1904.

1. MASTER AND SERVANT: Iowa Fellow-Servant Statute: Moving Trains. Under the Iowa fellow-servant act to make a railroad master liable for negligence of a fellow-servant, such injury must have happened in consequence of negligence in moving a train.

2. APPELLATE AND TRIAL PRACTICE: Construction of Appellate Decision: Dictum. Not everything which might have possibly been omitted from an opinion of an appellate court is to be denounced as unauthoritative dictum; it is enough that the point is apropos to the matter *sub judice*.

3. MASTER AND SERVANT: Iowa Fellow-Servant Statute: Moving Trains. On a review of the Iowa cases it is held that the plaintiff is not entitled to recover since his injury did not occur in moving a train.

Appeal from Linn Circuit Court.—*Hon. John P. Butler,* Judge.

REVERSED.

*M. A. Low, W. F. Evans* and *Frank P. Sebree* for appellant.

(1)   The court committed error in refusing the demurrer to the evidence, and also in refusing defendant's peremptory instruction to find for defendant, requested at the close of all the evidence.   Callahan v. Bridge Co., 170 Mo. 473; Reddington v. Railroad, 108 Iowa 95; Malone v. Railroad, 65 Iowa 417; Foley v. Railroad, 64 Iowa 654; Deppe v. Railroad, 36 Iowa 52.   The court committed error in giving instruction* numbered 2 on the part of the plaintiff.

*A. W. Mullins* and *W. K. Amick* for respondent.

(1)   Defendant's instruction in the nature of a demurrer should have been refused.   The negligence of the fellow-servants in pushing the beam sidewise instead of endwise, as was directed and intended, was negligence under section 2071, Code of Iowa, for which plaintiff could recover. (2)   The rule in Iowa respecting liability of railroads for injuries caused by the negligence of fellow-servants is:   That where the servant is exposed to the perils and hazards of the business of railroads and his employment is connected with the moving of trains as, by loading or unloading the same, the servant may recover.   Deppee v. Railroad, 36 Iowa 52; Smith v. Railway, 78 Iowa 583; Handelun v. Railway, 72 Iowa 709; Stroble v. Railway, 70 Iowa 555; Larson v. Railway, 91 Iowa 81; Butler v. Railway, 87 Iowa 206; Railway v. Artery, 137 U. S. Rep. (Iowa) 507; Akerson v. Railway, 75 N. W. 676; Smith v. Railway, 80 N. W. 658.

ELLISON, J.—The plaintiff is an employee of defendant and was injured by the negligence of a fellow-servant.   He brought this action for the injury thus negligently inflicted and prevailed in the trial court.

The defendant's railway passes through the States of Iowa and Missouri and the negligent injury was inflicted in the former State. It is therefore governed by the law of that State. There is a statute in that State (as there is in this) known as the fellow-servant law. It reads as follows:

"Every corporation operating a railway shall be liable for all damages sustained by any person, including employees of such corporation, in consequence of the neglect of the agents, or by any mismanagement of the engineers or other employees thereof, and in consequence of the willful wrongs, whether of commission or omission, of such agents, engineers or other employees, when such wrongs are in any manner connected with the use and operation of any railway on or about which they shall be employed."

Plaintiff's injury came about while he and others were on one of defendant's "work trains" which was used in conveying material for new bridges, and carrying old material away. Plaintiff and his fellow-workmen were engaged in loading onto a car some large iron beams weighing about twelve hundred pounds which were part of an old bridge and were to be moved to some other place on the line of the road. While thus engaged, in consequence of the negligence of some of his fellow-workmen, his hand was caught and his fingers so mashed and injured that two of them had to be amputated. The fellow-servants whose negligence caused plaintiff's injuries were a part of the "bridge gang" and were assisting in loading the car.

As already stated, plaintiff's right to hold defendant liable is governed by the Iowa statute, and that statute has been construed by a decision of the Supreme Court of this State which, under the Constitution of the State, we must allow to control the disposition of this case. It is decided in Callahan v. Railway, 170 Mo. 473, that to hold the master liable, under the terms of that statute, the servant must have been injured by the

negligence of another servant "while moving a train;" and that, "the test is, was he injured in consequence of the negligence of another employee or *engineer* in moving a train?" (p. 484). "That the injuries must have been inflicted by the movement of a train" (p. 490). The court further said: "It thus appears that everywhere except in Iowa and Minnesota, the adjudications agree that it is not essential that the injury should have been inflicted by reason of the negligence of a fellow-servant while actually engaged in running a car, but that the injured employee may recover if injured by the negligence of a fellow-servant while they are engaged in doing any work for the railroad which was directly necessary for the operation of the railroad . . ." (p. 495).

Plaintiff seeks to avoid the controlling power of this decision upon us by an earnest contention that it is merely *dictum,* and that it is directly opposed to what the Supreme Court of Iowa has itself said of that statute. We think counsel are mistaken in pronouncing the view of our Supreme Court as *dictum.* The question arose in the course of that decision, as to the construction of our own statute. The point had been made that ours was taken from that in Iowa and that it should therefore be construed as was that of Iowa by the courts of that State. The question as to what was the construction of the statute of Iowa was thus fairly and legitimately before the court. We do not say that our court might not have decided the case without affirmatively pronouncing a construction of the Iowa statute. But it will not do to denounce everything as unauthoritative *dicta* which might possibly have been omitted from an opinion. It is enough that a construction of the Iowa statute was not foreign to that case, but on the contrary was, at least, apropos thereto.

The injury inflicted here does not meet the test laid down by the Supreme Court in the Callahan case and we

must therefore under authority of that case reverse the judgment.

Though it is not necessary to say anything further of this case, yet, we may add that leaving out of view the construction pronounced by our court and taking that stated in the leading case of Akeson v. Railway, 106 Iowa, viz.: that if the injury is caused by the negligence of a coemployee in the actual movement of trains, cars, engines or machinery on the track, *"or in any manner directly connected therewith,* the statute applies and recovery may be had.'' The court said in that case: ''To hold that the injury must have been caused by the actual movement of the cars, engines or machinery, to come within the protection of the statute, would be giving too narrow a construction to the words, 'in any manner connected with the use and operation of any railway.' ''

So, even if we were at liberty to accept that case as giving a correct and authoritative construction of the Iowa statute, yet we would feel that plaintiff's case falls short of coming within the terms of that construction. It is not pretended that the negligent acts of plaintiff's coemployees which caused his injury were committed in actual movement of the cars. Such acts then, to come within the statute, must have been in some manner directly connected with the movement of the cars. The act of loading a standing car with iron beams certainly has no direct connection with the movement of the car. The car may move as well with or without the load. Loading in no manner facilitates its being moved.

In Reddington v. Railway, 108 Iowa 96, the act of the fellow-servant whose negligence caused the injury was committed in *coaling the engine,* an act certainly greatly closer to direct connection with the movement of engines and cars than were the acts in this case, and yet the court held that it was not within the statute.

So, therefore, we conclude that plaintiff is without legal standing under either view of the Iowa statute, and the judgment will be reversed.   All concur.