## MARY E. WILKERSON, Appellant, v. ANDREW J. McGHEE, Respondent.

### Springfield Court of Appeals, February 6, 1911.

1. **PLEADING: Malicious Prosecution: Want of Probable Cause.** In an action for damages for malicious prosecution a general averment of want of probable cause is ordinarily sufficient and it is not necessary to allege the facts which show or tend to show the want of probable cause.

2. **MALICIOUS PROSECUTION: Pleading: Notice: Obtaining Indictment Improperly.** In an action for damages for malicious prosecution it is not necessary to allege or show that the indictment was obtained by false or fraudulent testimony, but if it was obtained by any other improper means or if the evidence shows that the prosecutor, notwithstanding the action of the grand jury, did not himself believe that the defendant was guilty, but acted maliciously in making the charge, then he is liable.

3. ———: ———: ———: ———. If the defendant maliciously, and without probable cause, appeared before the grand jury and charged the plaintiff with a crime and caused witnesses to be subpoenaed and an indictment to be returned, it is not necessary for plaintiff to allege that the witnesses before the grand jury testified falsely.

4. ———: **Probable Cause.** Probable cause which would relieve the prosecutor from liability in an action for malicious prosecution is a belief by him in the guilt of the accused, based on circumstances sufficiently strong to induce such belief in the minds of reasonable and cautious men.

5. ———: ———: **Indictment Prima Facie Evidence of Probable Cause.** The action of the grand jury in finding an indictment is prima facie evidence of probable cause, but this may be overthrown in an action for damages for malicious prosecution by showing that the defendant acted maliciously in appearing before the grand jury and charging plaintiff with the crime when he did not believe and had no probable cause for believing such charge.

Appeal from Cape Girardeau Court of Common Pleas.
—*Hon. Robert G. Ranney,* Judge.

REVERSED AND REMANDED.

*Oliver & Oliver* for appellant.

(1) To put the criminal law in force, maliciously and without any reasonable or probable cause, is wrongful, and if thereby another is injured in property or person, there is that conjunction of injury and loss, which is the foundation of an action. Pope v. Pollock, 4 L. R. A. 25; Addison on Torts, 65; Cooley on Torts, 189. (2) The necessary allegations for, and gist of every action for malicious prosecution are the presence of malice and want of probable cause. This is so well established as to need no citations; but see the late cases of Wehymeyer v. Mulvihill, 130 S. W. 681; Coleman v. Treece, 130 S. W. 56. (3) The want of probable cause is a negative averment and should be so averred. The onus rests upon the plaintiff, however, to support such allegations at the trial by affirmative proof. Wheeler v. Nesbit, 65 U. S. 544; Palmer v. Richardson, 70 Ill. 544; 14 Am. and Eng. Ency. of Law, 63. (4) In pleading want of probable cause in malicious prosecution suits, it is only necessary to state that the prosecution was without reasonable or probable cause. Walser v. Thier, 56 Mo. 92; Moody v. Deutsch, 85 Mo. 242; Ross v. Hixon, 46 Kas. 550, 12 L. R. A. 760; Given v. Webb, 30 N. Y. 65; Helbert v. Donaldson, 69 Mo. App. 92; Eagleton v. Kalrich & Longley, 66 Mo. App. 231. (5) The established meaning of "probable cause" in this state is that it consists in a belief in the charge and facts alleged, based on sufficient circumstances to reasonably induce such belief in a person of ordinary prudence, in the same situation. Boerger v. Langenberg, 97 Mo. 396; Lindsay v. Bates, 223 Mo. 306, 122 S. W. 682. (6) It is generally held that a conviction in a trial court is conclusive of probable cause, but in a case such as the one at bar, where an indictment was quashed and prisoner discharged such a rule does not obtain; in such cases there is only prima facie probable cause and the same averments and proof are not required in

the petition for malicious prosecution as in the former case. In the latter case the plaintiff is only required to allege and prove; first, the institution by defendant of the former suit and its termination in his (present plaintiff's) favor; second, malice; third, want of probable cause; fourth, damage. When he has alleged these four things, he has alleged all that he needs to prove, and there can be no denial that this petition specifically alleges all four. McKensie v. Railroad, 24 Mo. App. 392; Kennedy v. Holliday, 25 Mo. App. 503; Stocking v. Howard, 73 Mo. 25; Best v. Hoffber, 39 Mo. App. 682; Leonard v. Transit Co., 115 Mo. App. 349; Graves v. Scott, 2 L. R. A. 935; Hays v. Blizzard, 30 Ind. 457; Lytton v. Baird, 95 Ind. 349; Castro v. De-Uriarte, 12 Fed. 250; Jones v. Gwynn, 10 Mod. 214; Chambers v. Robinson, 1 Strange 691; Dennis v. Ryan, 65 N. Y. 385; Randol v. Henry, 5 Sten. and P. (Ala.) 367; Schatton v. Hollenback, 149 Ill. 652; Shaell v. Brown, 28 Iowa 37; Parli v. Reed, 30 Kas. 534; Morris v. Scott, 21 Wend. 281; Stone v. Stevens, 12 Conn. 219; Stancliff v. Palmeter, 18 Ind. 324; Cline v. Schuler, 30 N. C. 484; Vinal v. Cobe, 18 W. V. 1; Merriman v. Morgan, 7 Oregon 68; 14 Am. and Eng. Ency. Law (1 Ed.); 29; Bishop on Non-Contract Laws, secs. 248-9; Cooley on Torts (2 Ed.), 215. (7) A petition which contains matter showing a prima facie case of the existence of probable cause need not specifically state that the prosecution was obtained by fraud, perjury, falsehood or other unfair means. Stainer v. Mining Co., 166 Fed. 220; Ziegler v. Powell, 54 Ind. 173; Cramer v. Barmon, 136 Mo. App. 673; Ross v. Hixon, 12 L. R. A. 760.

*T. D. Hines* for respondent.

(1) Before verdict the rule is to construe a pleading most strongly against the pleader. Baxton v. Railroad, 98 Mo. App. 501; Badger Lbr. Co. v. Muehlbach, 109 Mo. App. 649. (2) But it is not necessary to call

into requisition the foregoing rule for our civil code imposes upon a plaintiff the duty of pleading in the petition, "a plain and concise statement of the facts constituting the cause of action." Even in justices' courts, however, the Supreme Court has held, that where the statement does not set forth the facts constituting the cause of action, nor does not advise the opposite party what he was sued for, the suit should be dismissed. Sidway v. Land & Live Stock Co., 163 Mo. 373; Brashears v. Strock, 46 Mo. 321; Davis v. Railroad, 65 Mo. 441; Swartz v. Nicholson, 65 Mo. 508. (3) The precise nature of the charges must be made to appear in the petition, and not by the pleading of legal conclusions, but by pleading the constitutive facts. General averments will not suffice. The issuable facts must be plead. McAdam v. Scudder, 127 Mo. 345. (4) And it has been frequently ruled in a state from whence our code is derived, that such statement of a legal conclusion is not the averment of an issuable fact, and therefore is not confessed to be true by a demurrer, raises no issue and need not be denied. Kittinger v. Traction Co., 54 N. E. 1084; 12 Ency. of Pl. and Pr., 1022; McKenzie v. Mathews, 59 Mo. 102; Verdin v. St. Louis, 131 Mo. 151; Craft v. Thompson, 51 N. H. 540; Bliss on Code Pleading (3 Ed.), sec. 413. (5) To support the action of malicious prosecution there must be affirmative proof of malice on the part of the prosecutor, and also want of probable cause. Neither one standing alone is sufficient. Sharpe v. Johnson, 59 Mo. 557, 76 Mo. 660; Vansickle v. Brown, 68 Mo. 627; Frissell v. Rolfe, 9 Mo. 859; Sappington v. Wilson, 50 Mo. 83. And if there be probable cause no malice however distinctly proved, will make the defendant liable. Sharpe v. Johnson, 59 Mo. 557; Burris v. North, 64 Mo. 436. (6) Probable cause has been defined as "belief founded upon reasonable grounds." The issue in such case is not whether the plaintiff was guilty of the crime charged in the criminal indictment, but whether defendant had probable

cause to believe him so, nevertheless the fact whether he
was guilty or innocent is material as bearing on the
question of probable cause.   Carp v. Insurance Co., 203
Mo. 345; Brennan v. Tracey, 2 Mo. App. 540.   (7) The
finding of an indictment against a party, or his com-
mitment by an examining magistrate, is prima facie evi-
dence of probable cause.   Sharpe v. Johnson, 76 Mo.
660; Firer v. Lowery, 59 Mo. App. 92; Vansickle v.
Brown, 68 Mo. 627; Peck v. Chouteau, 91 Mo. 138;
Stanley v. Turner, 21 Mo. App. 244.

GRAY, J.—This is an action for malicious prose-
cution.   The court sustained a demurrer to the petition,
and the plaintiff appealed.

The cause is in this court on a transfer from the
St. Louis Court of Appeals.   The defendant insists that
the cause be transferred to the St. Louis Court of Ap-
peals, for the reason that this court is without juris-
diction, and the St. Louis Court of Appeals was with-
out authority to transfer the cause here.   In answer-
ing this contention, it is sufficient to say that the de-
fendant appeared generally, in this court, and the ques-
tion of jurisdiction was thereby waived.

The petition alleged in general words, that the de-
fendant in the prosecution of plaintiff, acted maliciously
and without probable cause.   The defendant insists the
petition does not state a cause of action, because it does
not state the facts which show or tend to show the want
of probable cause, and that the general statement that
the prosecution was without probable cause is only a
conclusion of law.   A general averment of want of prob-
able cause is ordinarily sufficient, and it is not neces-
sary to allege the facts which prove or tend to prove the
averment.   [Ency. Pleading and Practice, vol. 13, page
439; Hilbrandt v. Donaldson, 69 Mo. App. 92; Eagleton
v. Kabrich et al., 66 Mo. App. 231; Benson v. Bacon,
99 Ind. 156; Sutor v. Woods, 76 Texas 403; O'Neill v.

Johnson, 53 Minn. 439; Stainer v. San Luis Valley Land & Mining Co., 166 Fed. 220.]

In Hilbrandt v. Donaldson, the court said: "The first error complained of in this court is that the petition does not state a cause of action. This point is not well taken. The petition alleges that the prosecution was malicious and without probable cause, and that it was ended. This constitutes a sufficient statement of a cause of action."

In Stainer v. San Luis Valley & Mining Co., supra, the Federal court said: "It seems to us that an allegation of want of probable cause is an allegation of an ultimate fact, a condensed expression which by practice and established usage, is made to signify that defendant did not have reasonable ground to believe that plaintiff was guilty. Accordingly, we conclude that a complaint, which by clear averment, charges that defendant maliciously and without any probable cause whatever, caused plaintiff to be prosecuted, states a good cause of action."

Respondent admits the general rule to be as above stated, but claims that the Supreme Court of this state, in Brown v. Cape Girardeau, 90 Mo. 380, 2 S. W. 302, has declared otherwise, and it is the duty of this court to follow the decision of the Supreme Court of this state. It is true language is found in the Brown case supporting respondent's contention, but the same is merely dictum and not a decision of the Supreme Court that we are required to follow. [Williams v. Railroad, 106 Mo. App. 61, 79 S. W. 1167.]

Our conclusion is that it is not necessary to allege the facts which prove or tend to prove want of probable cause, and that it is sufficient to allege, generally, that the prosecution was without probable cause.

It is next claimed the petition does not allege that plaintiff was innocent of the charge, or that any false testimony was given before the grand jury, or that the indictment was based on false testimony, and as the

petition shows an indictment was returned, it shows on its face a prima facie case of probable cause.

The petition does allege that the "defendant maliciously intending to injure the plaintiff in her good name and reputation, and without reasonable or probable cause therefor, appeared before the grand jury and did then and there make complaint of and charge this plaintiff with having committed a misdemeanor. And that the defendant was instrumental in instigating, instituting, pressing and continuing this charge against her before said grand jury, and that he maliciously, wantonly and without probable or reasonable cause therefor, produced and furnished the names of witnesses that came before the grand jury, and that it was upon the testimony so furnished and produced by him that the indictment was returned."

Probable cause which will relieve a prosecutor from liability, is a belief by him in the guilt of the accused, based on circumstances sufficiently strong to induce such belief in the mind of a reasonable and cautious man. [Van Sickle v. Brown, 68 Mo. 627.] If the defendant maliciously and without probable cause, appeared before the grand jury and charged the plaintiff with a crime, and caused witnesses to be subpoenaed and an indictment to be returned, it was not necessary for plaintiff to allege that the witnesses before the grand jury testified falsely. [Sharpe v. Johnson, 76 Mo. 660; Staley v. Turner, 21 Mo. App. 244; Firer v. Lowery, 59 Mo. App. 92.]

The respondent claims the action of the grand jury in finding a bill of indictment, was prima facie evidence of probable cause, and the petition contained no allegation destroying the prima facie case of probable cause shown by the petition. It is true the action of a grand jury in finding an indictment, is prima facie evidence of probable cause. [Sharpe v. Johnson, supra.] But it is only a prima facie case, and a defendant may still be liable although an indictment was returned and the

same was quashed without a trial on the merits. If the defendant acted maliciously and without any probable cause appeared before the grand jury and charged that the plaintiff was guilty of a misdemeanor when he knew at the time there was no probable cause for such charge, then the fact that the grand jury returned an indictment without witnesses testifying falsely to procure the same, will not relieve the defendant of responsibility.

In Sharpe v. Johnson, the court said: "When an indictment has been found by the grand jury or the defendant has been committed by the examining magistrate, this prima facie evidence of probable cause may be rebutted or overthrown by evidence showing that such indictment, or commitment, was obtained by false or fraudulent testimony, or other improper means, or by evidence showing that the prosecutor, notwithstanding the action of the grand jury, or the committing magistrate, did not himself believe the defendant to be guilty."

In that case the Supreme Court declares the rule that it is not necessary that the indictment was obtained by false or fraudulent testimony, but if it was obtained by any other improper means, or if the evidence shows that the prosecutor, notwithstanding the action of the grand jury, did not himself believe the defendant to be guilty, but acted maliciously in making the charge, then he is liable.

The petition in this case charged in general language that the defendant maliciously intending to injure the plaintiff, and without any probable cause, appeared before the grand jury and charged that the plaintiff had committed a misdemeanor, and gave to the grand jury the names of the witnesses to be summoned before it in order that an indictment against plaintiff might be returned. If in so doing he acted maliciously and without any probable cause, he is liable to the plaintiff for damages she sustained.

We are of the opinion that the court erred in sustaining the demurrer to the petition, and on account thereof the judgment must be reversed and the cause remanded, and it is so ordered. All concur.