## MARY E. WILKERSON, Appellant, v. ANDREW J. McGHEE, Respondent.

### St. Louis Court of Appeals, February 6, 1912.

1. **OPINION OF SPRINGFIELD COURT OF APPEALS ADOPT-ED.** The opinion of the Springfield Court of Appeals in this case (153 Mo. App. 343) is adopted as the opinion of the court. [REYNOLDS, P. J., dissents.]

2. **MALICIOUS PROSECUTION: Pleading: Probable Cause: Conclusions.** In an action for malicious prosecution, the petition alleged that defendant, maliciously intending to injure plaintiff and without reasonable or probable cause therefor, appeared before the grand jury and charged plaintiff with having committed a misdemeanor; that defendant was instrumental in instigating and pressing said charge against plaintiff before the grand jury, and that he maliciously and without reasonable or probable cause produced and furnished the names of witnesses, who testified before the grand jury, and upon whose testimony the grand jury returned an indictment against plaintiff, upon which she was arrested; that plaintiff appeared in court and filed a motion to quash the indictment, which was sustained, and plaintiff was "fully acquitted and discharged by said court and that said prosecution was thereby wholly and entirely terminated;" and that by reason of said "wanton and malicious prosecution" plaintiff was damaged, etc. *Held,* by REYNOLDS, P. J., dissenting, that a demurrer to the petition was properly sustained, for the reason the indictment itself constituted, prima facie, probable cause for the prosecution, to overcome which presumption it devolved upon the pleader to

aver that the indictment was procured by false testimony of-
fered by defendant, known to him to be false, or which, at
least, he had no probable cause to believe was true, and the
averment that the prosecution or arrest was "without probable
cause" is a statement of a mere conclusion and is not sufficient
to overcome the presumption.

Appeal from Cape Girardeau Court of Common Pleas.
—*Hon. Robert G. Ranney*, Judge.

REVERSED AND REMANDED. CERTIFIED TO SUPREME COURT.

*Oliver & Oliver* for appellant.

*T. D. Hines* for respondent.

CAULFIELD, J.—The appeal in this case was
prosecuted to this court, but was thereafter trans-
ferred by it to the Springfield Court of Appeals under
the provisions of the act of the Legislature, approved
June 12, 1909. [See Laws of Missouri, 1909, p. 396;
see, also, section 3939, R. S. 1909.] In due time the
cause was disposed of by the Springfield Court of Ap-
peals through an opinion prepared by Judge GRAY of
that court, as will appear by reference to Wilkerson
v. McGhee, 153 Mo. App. 343, 134 S. W. 595. Subse-
quently, the Supreme Court declared the said legisla-
tive act, which purported to authorize the transfer of
cases from this court to the Springfield Court, to be
unconstitutional. The cause was thereafter trans-
ferred by the Springfield Court of Appeals to this
court on the theory that the jurisdiction of the appeal
continued to reside here and the proceedings had in
the Springfield Court with reference thereto were
*coram non judice.*

The case has been argued and submitted here and
duly considered. Upon reading the record and consid-
ering the arguments, we are persuaded that the opin-
ion of the Springfield Court, above referred to, prop-
erly disposes of the controversy, and it is adopted

as the opinion of this court. For the reason given in that opinion the judgment should be reversed and the cause remanded. It is so ordered. *Nortoni, J.,* concurs. *Reynolds, P. J.,* dissents, and being of the opinion that the decision is in conflict with that of the Supreme Court in Brown v. The City of Cape Girardeau, 90 Mo. 377, 2 S. W. 302, asks that this case be certified to the Supreme Court, which is accordingly done.

## DISSENTING OPINION.

REYNOLDS, P. J.—I cannot agree to the opinion or conclusion of the Springfield Court of Appeals, adopted by my learned associates as the opinion of our court.

I think that Brown v. The City of Cape Girardeau, 90 Mo. 377, 2 S. W. 302, decides that the facts and not mere conclusions of the pleader on those facts, should be pleaded to show the absence of probable cause. Nor do I think that what is there held by Judge RAY on that point is obiter. Hence I think that decision is controlling.

In the case before us it is averred that defendant. maliciously intending to injure plaintiff, "and without reasonable or probable cause therefor appeared before the grand jury . . . and did then and there make complaint of and charge this plaintiff with having committed a misdemeanor," etc., and that defendant "was instrumental in instigating, instituting, presenting, pressing and continuing this charge against her before the said grand jury, and that he maliciously, wantonly and without probable or reasonable cause therefor produced and furnished the names of witnesses that came before the grand jury and that upon the testimony so furnished and produced by him, the said Andrew J. McGhee, the grand jury found and returned to the circuit court of Cape Girardeau county,

Missouri, a true bill of indictment against this plaintiff," upon which a warrant was issued and she was arrested and put to bail; that she appeared in court and filed a motion to quash the indictment and it was quashed, and plaintiff "fully acquitted and discharged by said court and that said prosecution was thereby wholly and entirely terminated." The petition then goes on to aver that by reason of "said wanton and malicious prosecution," she has been damaged.

While in many cases it may be sufficient to plead that the prosecution or arrest was "without probable cause," when the pleader, as here, expressly avers as a fact that an indictment was returned by the grand jury, that indictment is in itself prima facie probable cause. To overcome this the pleader should aver and prove that the indictment was procured on false testimony offered by defendant, defendant knowing it was false, or at least, having no probable cause to believe it true. To let in this proof I understand the rule to be that the facts, not mere conclusions on the facts, must be set out in the petition.

That old and accepted authority, Buller, Law Relative to Trials at Nisi Prius, holds, p. 12, that the very foundation of the action for malicious prosecution is lack of truth. "If his suit be utterly without ground of truth, and that certainly known to himself, I may have *case* against him, for the undue vexation and damage that he putteth me unto by his ill practice." That author further says (p. 14) : "The plaintiff must produce and prove a copy of the acquittal on record, and the substance of the evidence given on the indictment is material, and the charges of the acquittal, and the circumstances which shew the prosecution was malicious and without probable cause: he may likewise give in evidence the circumstances of the defendant, in order to increase the damages. . . . But though an action do lie for a malicious prosecution, yet it is not to be favoured; and therefore if the indictment be

found by the grand jury, the defendant shall not be obliged to shew a probable cause; but it shall lie upon the plaintiff to prove express malice; however, as it may come to be left to a jury, it is advisable for the defendant to give proof of a probable cause, if he be capable of doing it; and for this purpose proof of the evidence given by the defendant on the indictment is good."

In Byne v. Moore, 5 Taunt. 187, 1. c. 188, the form of the count in the declaration there given is that defendant "falsely and maliciously, and without any reasonable or probable cause whatsoever, at the said sessions exhibited and preferred the said indictment against the plaintiff to the jury of the grand inquest, . . . and then and there maliciously and falsely gave evidence before the same jurors, of and concerning the matters contained in that indictment, . . . when in truth the whole matter contained in that indictment was false, scandalous and contrary to truth."

Here the plaintiff has rested on the bare statement that defendant acted "without probable cause," a mere conclusion, says Judge RAY, in the Brown case, supra. The malice of defendant is averred, but there must be more than malice. If defendant acted on probable cause, it is immaterial that he acted maliciously. [Loewenberg v. DeVoigne, 145 Mo. App. 710, 1. c. 716, and cases cited; 133 S. W. 99.] If there was no probable cause, malice in procuring the indictment goes in aggravation of damage.

It is averred that the indictment was quashed and plaintiff acquitted. While quashing the indictment ends that prosecution and allows this action (Kennedy v. Holladay, 25 Mo. App. 503, 1. c. 517; McKenzie v. Mo. Pac. Ry. Co., 24 Mo. App. 392, 1. c. 395), it does not follow that plaintiff here was acquitted. To aver acquittal as a conclusion following the quashing of the indictment is of no force. Quashing the indictment only goes to its sufficiency in form or that the acts

charged do not constitute an offense. It does not disprove the facts nor go to their truth; in fact it may be said to confess them, so far as properly pleaded. There is not a word in this petition negativing the fact of the truth of the charge in the indictment.

For these reasons, I think the demurrer was properly sustained and that the judgment of the circuit court should be affirmed.

Deeming the judgment of reversal rendered by my brethren contrary to the decision of the Supreme Court in Brown v. The City of Cape Girardeau, 90 Mo. 377, I respectfully ask that this cause be certified and transferred, along with the transcript therein, to the Supreme Court of the state.