## Texas and Pacific Railway Company v. Joe Johnson.

### Decided January 14, 1897.

1. Contributory Negligence—Pleading.

In a suit for damages from personal injuries received by the conductor of a train, in a collision caused by the negligence of the conductor of a following train, contributory negligence of the injured party, in failing to register the time of the departure of his train from a station, will not avail as a defense unless pleaded. (P. 305.)

2. Master and Servant—Risks Assumed—Case Approved.

The ruling in this case at a former term, upon certificate of dissent,—Railway v. Johnson, 89 Texas, 519) reaffirmed,—that the general reputation, as a reckless conductor, of the servant whose negligence caused his injury, did not affect plaintiff, unless he was shown to have had knowledge of such character or reputation. (Pp. 306, 307.)

3. Same—Evidence of Servant's Knowledge.

Evidence that the injured servant had recommended the servant by whose negligence he was injured for the employment, does not tend to show knowledge by the former of the latter's unfitness. (P. 308.)

4. Evidence—Former Statements

That a witness has, on a former trial, testified to a fact of which he now denies knowledge does not tend, and is not admissible to prove such fact, though admissible for the purpose of discrediting his testimony. (P. 308.)

5. Certificate of Dissent—Practice

The rulings in Eustis v. Henrietta, 90 Texas, —, as to the manner of certifying points of dissent from Courts of Civil Appeals to the Supreme Court, reaffirmed. (P. 307.)

Petition for writ of error to Court of Civil Appeals, Second District, in an appeal from Tarrant County.

Action by Johnson against the railway company, to recover for personal injuries, received by him while in defendant's service as a conductor, in a collision with a train following his own, caused by the negligence of the conductor of such following train. Plaintiff recovered in the trial court On defendant's appeal a majority of the Court of Civil Appeals held that there was error in the charge, requiring reversal. (Railway v. Johnson, 34 S. W. Rep., 186.) On dissent by one of the judges the case was certified to the Supreme Court, where it was held that there was no evidence of the plaintiff's knowledge of the negligent servant's reckless character, and that the error in the charge, if it was error, was therefore immaterial. (Railway v. Johnson, 89 Texas, 519.) In deference to this opinion, the Court of Civil Appeals,—the majority expressing their dissent from the ruling,—rendered judgment affirming the case. (Railway v. Johnson, 37 S. W. Rep., 973.) Additional findings of fact were, however, made by the majority,—with a dissenting opinion,—and thereupon appellee, the railway company, made this application for writ of error.

*T. J. Freeman* and *Stanley, Spoonts & Thompson,* for petitioner.— The trial court erred in that portion of its charge contained in the fourth paragraph, wherein it instructed the jury that even if plaintiff did know that Roberts was incompetent, yet if he did not know, or by the exercise

of that degree of care which a man of ordinary prudence would have exercised under like circumstances would not have known, that said Roberts was in charge, as conductor, of the train which collided with his (other things concurring), they should find for plaintiff; and the Court of Civil Appeals erred in refusing to sustain the fifth assignment, which complained of said error.   McKinney on Fellow Servants, secs. 10, 88; Farwell v. Railway, 4 Met., (Mass.) 49; Wood, Mast. and Servt., secs. 433, 422; Railway v. Whitmore, 58 Texas, 276; Railway v. Somers, 71 Texas, 700; Green v. Cross & Eddy, 79 Texas, 130; Railway v. Murphy, 53 Ill., 336; McDermott v. Railway, 87 Mo., 285; Schultz v. Railway, 67 Wis., 616; Laning v. Railway, 49 N. Y.. 521; Natt v. Nay, 144 Mass., 186; Lovejoy v. Railway, 125 Mass., 79.

By special charge petitioner asked the court to charge the jury that if they believed from the evidence that Johnson failed to comply with the rules requiring the registry of his train in the book provided for that purpose on leaving Fort Worth, and did not exercise the care of an ordinarily prudent person under the circumstances, and that such failure contributed directly and proximately to the production of his injuries, and that but for it he would not have been hurt, they should find for defendant.   By the ninth assignment of error it complained of the error of the trial court in refusing to give said special charge, and the Court of Civil Appeals erred in refusing to sustain said assignment and to declare that there was error by the trial court in the refusal of said charge.   Railway v. Shieder, 88 Texas, 152; Railway v. Slattery, 3 Willson's App. Cases, sec. 1180, Hocum v. Weitherick, 22 Minn., 153; Thompson, Negligence, 1179, sec. 26; Holden v. Gas Co., 3 C. B. (M. G. & S.), 1; St. Anthony's Falls Co. v. Eastman, 20 Minn., 277; Cunningham v. Lyness, 22 Wis., 245; Potter v. Railway, 20 Wis., 561; Jonesboro, etc., Co. v. Baldwin, 57 Ind., 86; Railway v. Shacklett, 12 Am. & Eng. R. R. Cases, 166; Hudson v. Railway, 104 N. C., 491; Stephen, Pleading, (9th Am. ed.), 198; 18 Am. & Eng. Encycl. Law, 550, 565; Railway v. McAnulty, 7 Texas Civ. App., 324; Sayles' Texas Plead., sec. 418; W. U. Tel. Co. v. Jeanes, 88 Texas, 230; Railway v. Read, 88 Texas, 439; Railway v. McGlamory, 36 S. W. Rep.

BROWN, ASSOCIATE JUSTICE.—At the last term of this court this case was before us on a certificate of dissent, and we then decided the main question which is presented by the application. (T. & P. Ry. Co. v. Johnson, 89 Texas, 519.)   The application contains the additional point, that the court erred in not submitting to the jury a charge requested by the defendant below, presenting an issue as to whether the plaintiff was guilty of contributory negligence in failing to register the time at which his train departed from Fort Worth.   The Court of Civil Appeals rightly held that the matter was not pleaded by the defendant, therefore there was no error in refusing the charge asked.

In affirming the judgment of the District Court in accordance with the opinion of this court on certificate of dissent, the Court of Civil Ap-

peals filed an opinion in which it is insisted that this court mistook the point of dissent presented to it heretofore, and decided upon a proposition not embraced in the certificate.

In our former opinion we stated the point of dissent as follows:

"The majority of the Court of Civil Appeals held that the judgment of the District Court should be reversed, and the cause remanded, stating their reasons for such conclusion in the following language: 'The court in effect charged that if the defendant, with knowledge of Roberts' incompetency, retained him in its service, and the injury inflicted upon the plaintiff was brought about by that incompetency the company would be liable, even though the plaintiff knew of such incompetency, provided he did not further know, or by the use of ordinary diligence was unable to ascertain, that the incompetent conductor was in charge of the train following that under the control of the plaintiff. The majority of this court are of opinion that the concluding proposition of this instruction is erroneous, that it vitiates the charge and requires a reversal of the judgment, as in all probability it seriously affected the verdict of the jury.' Justice Hunter of the said court dissented from the opinion of the majority, which dissent has been certified to this court."

Clearly the point of dissent is thus stated to be upon that portion quoted above, which is as follows: "The majority of this court are of opinion that the concluding proposition of this instruction is erroneous, that it vitiates the charge and requires a reversal of the judgment as in all probability it seriously affected the verdict of the jury." This court was by the certificate of dissent called upon to determine the question, whether the judgment below should be reversed on account of the giving of the charge which is stated in substance in the quotation above; and we said that upon this question of dissent there arose two propositions of law, stating them as follows:

"The points of law involved in the certificate of dissent arise upon the latter part of the charge as quoted above and for convenience we will state the questions as follows: (1) Was there any evidence before the jury in this case which would have authorized them to find that before the accident Johnson knew of the recklessness and incompetency of Roberts as a conductor? If not, was there error in the charge of the court, if it be error, such as to justify a reversal of the judgment of the District Court. (2) If Johnson knew that C. F. Roberts was employed by appellant as brakeman and also as extra conductor and knew that Roberts was reckless and incompetent as a conductor, but did not know that he, Roberts, was to go on the road as conductor that night, did Johnson assume the risk of injury which might occur from the incompetency of Roberts as conductor in case he should be put in charge of the train which was to follow Johnson's train?"

Thus we stated separately and distinctly the point of disagreement between the majority and minority of the Court of Civil Appeals, and secondly, the questions of law which presented themselves to this court as those upon which that disagreement was to be determined. The court

then proceeded to determine the first proposition of law, and having held that there was no evidence tending to prove that Johnson knew of the reckless character of Roberts as a conductor before the accident, it was decided that, if the charge be held erroneous, it was an immaterial error which could not have affected the result of the trial, and the court did not deem it necessary to decide the second question of law stated above.

The Court of Civil Appeals do not seem to distinguish the question of law upon which we decided the point of disagreement, from the question upon which disagreement arose, which should have been properly formulated by the Court of Civil Appeals and certified to us; but we undertook to decide from the opinions what the question was upon which the dissent was made and we think that we succeeded in stating it clearly, as it appears from the two opinions. This case however serves to emphasize the necessity for a compliance with the statute in this particular, as was directed in case of Eustis v. Henrietta, decided at present term.

The majority of the Court of Civil Appeals, in its opinion on the first hearing, found no conclusion of fact as to Johnson's knowledge of Roberts' character as a conductor, but made the following statement of the evidence: "The plaintiff testified that he did not know, and had not been informed prior to the time of the injury, that Roberts was a reckless, incompetent conductor; but the evidence showed that such was Roberts' general reputation among the employes of appellant on the division of the road where the plaintiff and Roberts were both engaged, upon the testimony of which employes plaintiff mainly relied to show this general reputation, and that plaintiff and Roberts were personally acquainted. Whether he had such knowledge, then, was a controverted issue in this case." And in the last opinion the court states these additional facts: "Frank Witherspoon, a witness for the plaintiff, on cross-examination, stated that on a former trial of this case he testified that before the wreck occurred in which Johnson was hurt, he heard Johnson mention the reputation of Roberts as a reckless conductor; and that he further testified that he could not tell at the time of the second trial whether it was before or after the wreck that said conversation occurred, as it had been two or three years ago."

"On this point, Johnson testified: 'I am satisfied that it was after the accident that I had a conversation with Witherspoon in regard to Roberts' reputation as a reckless conductor.' He also testified: 'I am satisfied that I never did recommend Roberts as a conductor to Ward. I recommended him as a brakeman.' Ward however testified: 'At the time I appointed him he was recommended as conductor by Mr. Joe Johnson. He had been associated with Johnson in running trains. He was braking for Johnson. Johnson was conductor and Roberts was braking under him.'"

For the purpose of deciding the question that was before the court on certificate of dissent, we must discard the evidence of Johnson; the question being whether there was any evidence from which the jury could have found that Johnson had knowledge of the reckless character of

Roberts. If there was such evidence, then the charge in question became material, although there might have been more evidence to the contrary.

We have held that the general reputation of Roberts as a reckless conductor did not affect the plaintiff unless it was shown that he had knowledge of Roberts' character or reputation as such, and we see no reason to change our opinion upon that question. The burden was upon the defendant to prove that Johnson knew of the reckless character of Roberts as a conductor, or had notice of facts which would have put a reasonable man upon inquiry to ascertain his character, and that this knowledge was possessed by Johnson before the accident. The fact that Johnson recommended Roberts for appointment as conductor does not tend to prove that he knew him to be a reckless and careless man as such, but on the contrary would show that he did not know of that fact at the time, because it will not be presumed that he would recommend a man who was so unfit for the position. But it said that Witherspoon testified on cross-examination that at the former trial he, Witherspoon, had testified "that, before the wreck occurred in which Johnson was hurt, he heard Johnson mention the reputation of Roberts as a reckless conductor." Witherspoon was on the stand, at the last trial, as a witness for the plaintiff, and this evidence as to what he stated at the previous trial was admissible for the purpose of discrediting his testimony, but it did not tend to prove, and was not admissible to prove, the fact that before the wreck Johnson mentioned the reckless character of Roberts; such evidence is never admitted to prove the fact in issue between the parties. Witherspoon could not state upon the second trial whether the conversation with Johnson about the character of Roberts occurred before or after the wreck. It devolved upon the defendant to show that it was before the wreck. If the witness could not state that it was before the wreck, and could not state even that he thought that it was before the wreck, or that it was his impression that it was before the wreck, nor any single fact or circumstance from which the jury might have found that it occurred before the wreck, how could the jury determine that the conversation about which the witness was testifying occurred at a time when it would charge Johnson with notice of the character of Roberts and constitute a defense for the defendant?

If there was in this case any evidence from which a jury might conclude that Johnson knew of the reckless character of Roberts, then, as we have before stated, it would be a question of fact for the jury to determine; but there being no such evidence in the record, as matter of law we conclude that the evidence did not make the issue, and if the charge complained of be conceded to be erroneous in the particular claimed, it was not material and could have worked no injury to the defendant.

The application for writ of error is refused.

*Writ of error refused.*