C. T. WALKER ET AL. v. TEXAS & NEW ORLEANS RAILROAD COMPANY.

Decided June 19, 1908.

**1.—Peremptory Charge—Presumption.**

In the absence of a proper assignment of error showing why such a charge was error, the presumption will be indulged that the pleading and evidence authorized the trial court to give a peremptory charge for a party to the suit, and errors of procedure committed during the trial will not be cause for reversal of the judgment.

**2.—Same—Burden upon Appellant.**

Where, in a suit against a railroad company for damages for personal injuries, the company interposes several distinct defenses, and the court gives a peremptory charge for the defendant, if the evidence upon any one of the defenses justified such a charge, the judgment should not be reversed; and the burden is upon the appellant to show by proper assignment that such a charge was not justified by the evidence upon any of the issues.

**3.—Appeal—Brief—Assignment of Error—Statement.**

An assignment of error which is not followed in the brief by a proper

statement of the evidence in the record, will not be considered on appeal. Rule applied.

**4.—Trial—Practice.**

The hearing and consideration of exceptions to pleading when such exceptions were filed out of due order, is harmless error when it appears that the exceptions were all overruled.

**5.—Same.**

Overruling an exception to a particular paragraph of an answer, even though the exception is well taken, is proper when the defect in the particular paragraph referred to in the exception is cured by the allegations of another paragraph.

**6.—Fellow Servant—Statute Construed.**

The employes of an independent contractor engaged in building trestles, cattle guards, fences, houses, etc., for a railroad company, are not "engaged in the work of operating the cars, locomotives or trains" of the railroad company, within the purview of articles 4560f, 4560g and 4560h of the Revised Civil Statutes.

**7.—Trial—Admission of Evidence—Defective Bill of Exception.**

When a bill of exception to the exclusion of testimony fails to state what objection was made to the testimony and the ground upon which it was excluded, an assignment of error based thereon will be overruled.

**8.—Appeal—Assignment of Error.**

An assignment of error that "The court erred in overruling appellants' motion for a new trial for the reasons assigned therein," is too general, and will not be considered when many grounds for new trial are urged in the motion.

**9.—Independent Contractor—Negligence.**

A railroad company is not liable for the death of an employe of an independent contractor caused by the negligence of such contractor or the co-employes of the deceased.

Appeal from the District Court of Nacogdoches County. Tried below before Hon. Tom C. Davis.

*Ingraham, Middlebrook & Hodges,* for appellants.

*Baker, Botts, Parker & Garwood* and *Blount & Garrison,* for appellee.

REESE, ASSOCIATE JUSTICE.—This is a suit by C. T. Walker, widow of T. L. Walker, suing for herself and their minor children, to recover of the Texas & New Orleans Railroad Company damages in the sum of $25,000 for the death of the said T. L. Walker, which is alleged to have been caused by the negligence of defendant. The court instructed the jury to return a verdict for defendant, and from the resulting judgment for defendant, their motion for a new trial having been overruled, plaintiffs appeal.

Unless there is a proper assignment of error which we can consider, and under which we can declare that this charge was error, we must conclude that the evidence authorized the charge under some one or more of the issues. In such case we would have to hold that under the pleadings and evidence no other verdict could have been properly rendered, and that therefore the judgment should not be reversed for

errors committed upon the trial. The trial court was not authorized to instruct the jury to return a verdict for the defendant unless the evidence was of such a character that, as matter of law, no other verdict could be rendered. Until the contrary is shown, we must assume that the state of the evidence authorized the court to instruct a verdict for defendant, and in such case the judgment will not be reversed for errors in procedure.

In addition to the general denial, defendant set up the defenses: that the death of Walker was caused by the negligence of a fellow-servant, contributory negligence, assumed risk, and that deceased was at the time of the accident in the service of one Maurice, and engaged in the performance of his duties in such employment; that Maurice was engaged in the prosecution of certain work for defendant as an independent contractor, and that the persons engaged with him in the work in which deceased received his injury and whose negligence is alleged to have caused his death were likewise employes of Maurice under said independent contract, and that defendant was in no way liable for the acts of said Maurice or his employes.

If, upon either of these issues, the evidence was such as to authorize the charge of the court, the judgment should not be reversed. It is therefore essential that appellants, in order to have this judgment reversed, should show by proper assignment or assignments of error that the charge can not be sustained upon any of the issues presented. Lacking this, other errors are mere harmless abstractions.

The fourteenth assignment of error, and the statement thereunder, are as follows:

"The court erred in his charge to the jury in the following words, viz.: 'Gentlemen of the jury, you are charged in this case to return a verdict for the defendant.'

"Because such charge was unauthorized by the evidence; because it was the province of the jury and not the court to determine the question of liability of the defendant.

"Because there was no legal evidence in the case to authorize it; because each and every material allegation in plaintiffs' petition was most strongly proven by the evidence. Because the court erred, taking all the evidence in the case together, it is not such character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it.

"And this fourteenth assignment of error is submitted as a proposition."

*Statement.*—"The contract on close inspection shows that defendant was not only interested in the result of the work, but the very manner of it; and the material used in the construction of the work, and was done and to be done under the direction of Mr. Lamb, the defendant engineer.

"Also it shows said engineer shall inspect, examine and pass upon, approve, accept or reject the work or material, whose decision will be final upon all matters between Maurice and defendant, thereby showing that defendant and Maurice were equally interested, and were, so to speak, partners.

"And also the testimony showing that the defendant was the owner of the work controlling it, and had the supervision of it, thereby establishing the relation of master and servant between Maurice and defendant company."

If the assignment can be properly presented as a proposition, the statement under it is obviously insufficient. No reference is made to the evidence upon any issue except that presented by the plea that Maurice is an independent contractor. From all that appears or is suggested, the evidence upon each of the other issues may have required the charge that was given. In order to sustain the assignment we would be compelled, with no assistance from the brief, to go through the entire record to be able to understand the state of the evidence upon the other issues. An assignment so presented can not be considered.

The sixteenth assignment of error and accompanying statement are as follows:

"The court erred in its charge to the jury in the following words: 'Gentlemen of the jury, you are charged in this case to return a verdict for the defendant.'

"Because taking all the evidence in the case together, it is not of such character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it. And the sixteenth assignment of error is here submitted as a proposition under the sixteenth assignment of error of appellants."

*Statement.*—"The testimony being conflicting as to every material point, and strongly in support of plaintiff's cause of action upon every question presented by the pleadings, it was error for the court to so invade the province of the jury."

The statement is correct as a proposition, but as a statement it is entirely insufficient. It can not, by any latitude of construction, be considered "a brief statement, in substance, of such proceedings, or part thereof, contained in the record, as will be necessary and sufficient to explain and support the proposition," as is required by rule 31.

These are the only assignments of error which assail the charge of the court. Appellee makes rigorous objection to their consideration, which must be sustained. In the view we take, there being no assignment of error to the peremptory charge so presented as to require consideration, other errors would not require a reversal if properly presented. (Heirs of Webb v. Kirby Lumber Co., 20 Texas Ct. Rep., 543.) Other assignments will, however, be disposed of.

The first assignment of error assails the ruling of the court in overruling plaintiffs' first special exception to defendant's second amended original answer, and in hearing the said special exceptions, because not filed in due order of pleadings. It is a sufficient answer to the assignment that the special exceptions of defendant referred to were all overruled.

The second assignment of error is that the court erred in overruling the plaintiffs' exceptions to the defendant's first special plea in its second amended original answer, because the plea referred to does not show the nature of the contract between defendant and Maurice. The statement under the assignment, which is submitted as a proposition, is that

the special plea of the defendant, number 1, does not show in any manner the contract between Maurice and defendant.

Pretermitting any criticism of the statement as insufficient, the paragraph of defendant's answer following the one at which the exception is leveled, contains a sufficiently full statement of the terms of the contract. The assignment is without merit.

The third assignment is addressed to the alleged error of the court in overruling plaintiffs' special exception to the defendant's second special plea in its second amended answer. The assignment presents no error and is overruled.

The sixth assignment complains that the court erred in overruling plaintiffs' special exception to the fifth special plea of defendant in its second amended original answer to plaintiffs' amended petition, because if the deceased was killed by a fellow servant's negligence it would be no defense to the action, whether Maurice was or not an independent contractor. The allegations of the answer, sustained by the evidence, were that Maurice was engaged in the work of building "all trestles, roadway buildings, cattle guards, fences, water tanks, pump houses, etc., along defendant's line of railroad then in process of construction; that defendant was to furnish material for the work to be delivered at site of station either on cars or by wagons, and that at the time of the accident deceased Walker with his coemployes were engaged in unloading, from a car of defendant, some heavy timbers furnished for the work." They were not "engaged in the work of operating the cars, locomotives or trains" of defendant, as provided in article 4560f, Revised Statutes. The statute referred to has no application, and defendant would not be liable if the death of Walker was caused by the negligence of a fellow-servant, as defined in articles 4560g and 4560h, Revised Statutes. The assignment can not be sustained. (Gulf, C. & S. F. R. R. Co. v. Johnson, 98 Texas, 76, on rehearing. Error refused.)

The seventh, eighth, ninth and tenth assignments of error complain of the ruling of the court in sustaining defendant's objections to certain testimony. The bills of exception taken by appellants fail to state the objection made to the testimony and the grounds upon which it was excluded. For this reason we cannot revise the action of the trial court, and can not hold that any error was committed by the rulings indicated. (Endick v. Endick, 61 Texas, 560; Arambula v. Sullivan, 80 Texas, 618.) The questions asked the witnesses, referred to in the seventh, eighth and ninth assignments, were clearly leading. In addition, that referred to in the ninth assignment was objectionable as calling for the conclusion of the witness. In substance and effect the witness was asked whether the deceased was guilty of negligence. The testimony sought to be elicited, referred to in the tenth assignment, was irrelevant and immaterial. It was intended, we suppose, to bear upon the issue as to whether or not Maurice was engaged in the prosecution of work as an independent contractor. This could not be shown by the understanding of the men in the face of the written contract between Maurice and the defendant. None of the statements from the record accompanying these assignments are sufficient. The assignments are overruled.

There was no error in overruling the objection to the testimony re-

ferred to in the eleventh assignment. The statement accompanying the assignment is as follows: "The witness was only giving his opinion and was not testifying from his own knowledge, but hearsay." The testimony is not objectionable on either ground. There is no merit in the assignment.

The twelfth assignment complains of the ruling of the court in admitting in evidence, over plaintiffs' objection, the written contract between F. W. Maurice and defendant. One of the objections to this evidence was that the execution of the contract was not proven. The terms of the contract are not set out in the assignment, nor in the accompanying statement. So far as the brief of appellants is concerned we are left entirely to conjecture as to the nature of this contract or its bearing upon the issues presented. The bill of exceptions is a part of the statement of facts, from which it appears that the instrument is a contract between the Texas & New Orleans Railroad Company and F. W. Maurice. The objections to its introduction are, (1) that it was not the original contract; (2) that there was no proof of its execution; (3) that it was immaterial and wholly irrelevant, and (4) that it did not bind plaintiff. The proposition and statement under the assignment are confined to the objection that the execution of the contract was not proven. The statement is as follows: "There was no proof of the execution of the contract, and its introduction upon this ground was objected to by appellants, and the objection overruled by the court, and the same admitted by the court."

The objection that the execution of the contract was not proven must be sustained. It is admitted by appellee in its brief that there is in the record no evidence of its execution which was necessary to entitle it to be admitted as evidence as against one not a party to the contract. (Betterton v. Echols, 85 Texas, 212; Martinez & Bros. v. Peterson, 8 Texas Ct. Rep., 915.) This, however, will not require a reversal of the judgment in the view we take of the absence of any proper assignment assailing the charge of the court directing a verdict for defendant.

The fifteenth assignment is as follows: "The court erred in overruling plaintiffs' motion for a new trial for the reasons assigned therein." There are many grounds urged in the motion. The assignment is too general and can not be considered. (Mayer, Kahn & Freiberg v. Duke, 72 Texas, 449; Bumpass v. Morrison, 70 Texas, 758; O'Neill v. Wills Point Bank, 67 Texas, 36.)

The thirteenth assignment of error complains of the admission of testimony over appellants' objection. The bill of exceptions does not show what were the grounds of objection urged to the testimony. The assignment is otherwise without merit.

The seventeenth assignment is overruled. The objection stated to the admission of the contract, if tenable at all, would go to its legal effect and not to its admissibility.

We have examined the contract introduced in evidence between F. W. Maurice and the Texas & New Orleans Railroad Company. Under its terms Maurice was an independent contractor in the matter of the work to be done by him, and not an employe, agent or servant of the railroad company. (Smith v. Humpheryville, 19 Texas Ct. Rep., 636. Writ of error refused.) If the deceased, Walker, was employed by

Maurice and was engaged at the time he was killed, in the work then being done by Maurice under the contract aforesaid, and his death was caused by the negligence of Maurice, or other employe of Maurice, engaged in this work along with Walker, the defendant would not be liable.

For the reasons indicated in this opinion the judgment is affirmed.

*Affirmed.*

Writ of error refused.