Meo, Respondent, vs. Chicago & Northwestern Railway
Company, Appellant.

*January 6—March 9, 1909.*

*Railroads: Injury to employee: Negligence of co-employee: "Risk*
*peculiar to the operation of railroads."*

> While a section gang, including plaintiff, was engaged in unload-
> ing, from a handcar standing on a main track, old rails which
> they had removed from the roadbed some distance away and
> had transported on the car to the place of unloading, plaintiff
> was injured by a rail which was suddenly dropped or thrown
> to the ground by his fellow-servants. *Held*, that the injury was
> one arising "from a risk or hazard peculiar to the operation of
> railroads," within the meaning of sec. 1816, Stats. (1898), as
> amended by ch. 448, Laws of 1903, making a railroad company
> liable for such injuries even though caused by negligence of
> fellow-servants.

Appeal from a judgment of the circuit court for Kenosha
county: E. B. Belden, Circuit Judge. *Affirmed.*

Action for personal injuries. A section gang, of which
plaintiff was a member, having been engaged in replacing old
rails at some distance south of Kenosha, loaded the old rails
upon a handcar and transported them to Kenosha, and, with
the handcar standing upon the main track, were engaged in
removing the rails to the ground; plaintiff standing astride
of the west rail of the railroad track in order to lift and
move the rail in question. The latter was suddenly dropped
or thrown to the ground, whether with or without the cus-
tomary command by the foreman is in dispute. It fell upon
the plaintiff's foot, causing injury. The jury found (1) that
the defendant's foreman did not negligently fail to warn
the plaintiff that the rail was about to be thrown; (2) defend-
ant did not negligently fail to furnish sufficient number of
men to properly handle the rail; (3) plaintiff's injury was
caused by the negligence of his fellow-servants in handling
the rail in question; (4) such negligence was the proximate

cause of the injury; (5) no contributory negligence; and (6) damages. After motions for the amendment of the verdict and judgment for the defendant the court entered judgment for the plaintiff, from which the defendant appeals.

The cause was submitted for the appellant on the briefs of *Edward M. Hyzer.*

*M. G. O'Donnell,* for the respondent

DODGE, J. The first contention to the effect that no negligence on the part of plaintiff's fellow-servants was shown must be overruled. The whole situation was before the jury, including plaintiff's position of peril. The question whether the men dropped the rail before the usual command had been given them was in conflict, and the inference whether the state of facts as found by the jury was such as to constitute negligence was one about which we think reasonable minds might differ.

It is urged that the injury is not within the description of sec. 1816, Stats. (1898), as amended by ch. 448, Laws of 1903, then in force, namely, one arising from a risk or hazard peculiar to the operation of railroads. We can discover no distinction in that regard from the situation presented in *Hardt v. C., M. & St. P. R. Co.* 130 Wis. 512, 522, 110 N. W. 427, and consider the discussion in that case entirely applicable to this. The work in progress was transportation, one of the distinguishing characteristics of railroad business. *Chicago, K. & W. R. Co. v. Pontius,* 157 U. S. 209, 15 Sup. Ct. 585. The circumstances under which it was done, with necessity for haste from threat of frequent passing trains, and the embarrassment of standing ground by rails and ties, bring it fully within any fair meaning of the words of the statute.

*By the Court.*—Judgment affirmed.

MARSHALL, J., dissents.