ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. McGEE.†

(Court of Civil Appeals of Texas. Austin. June 21, 1911. Rehearing Denied Oct. 18, 1911.)

MASTER AND SERVANT (§ 180*)—INJURIES TO SERVANT—SECTION FOREMAN—"OPERATING RAILROAD."

Where a railroad section foreman was injured while assisting his colaborers in loading rails onto a flat car composing part of a train, while the train was at rest, he having no duty to perform with reference to the movement of the train, he was not engaged in operating a car, locomotive, or train within Sayles' Ann. Civ. St. 1897, art. 4560f, providing that every person, receiver, or corporation operating a railroad shall be liable for damages sustained by any servant or employé while engaged in operating cars, locomotives, or trains, by reason of the negligence of any fellow servant.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 180.*

For other definitions, see Words and Phrases, vol. 6, pp. 4989–4992; vol. 8, p. 7738.]

Appeal from District Court, Hill County; W. C. Wear, Judge.

Action by Will McGee against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

E. B. Perkins, D. Upthegrove, and Scott, Sanford & Ross, for appellant. Collins & Cummings, for appellee.

RICE, J. This suit was brought by appellee against appellant to recover damages for personal injuries alleged to have been sustained by him while in the employ of appellant as a section hand. It was alleged that on or about October 2, 1909, he and other servants of appellant were engaged in the operation of a train belonging to appellant, and, while assisting in the work of loading steel rails upon such train, he received the injuries complained of on account of the negligence of his coemployés. Among other defenses, it was urged that appellee was injured by the negligence of a fellow servant, and at said time was not engaged in the operation of a train or cars of appellant, and therefore could not recover. There was a jury trial, resulting in a verdict and judgment in behalf of plaintiff, from which this appeal is prosecuted.

The court refused a peremptory instruction asked by appellant, which is assigned as error, on the ground that the uncontradicted evidence showed that the act of negligence complained of, which resulted in plaintiff's injury, was occasioned by the negligence of his fellow servant, and, at the time of the commission of said act and the happening of the accident causing the injury, plaintiff was not engaged in the work of operating any car, locomotive, or train of defendant.

The facts, briefly summarized, show: That plaintiff was a section foreman, with headquarters at Mt. Vernon, in Franklin county, and had charge of a section gang on appellant's railway. That he, in connection with two other section gangs of said railway, was on the 2d of October, 1909, ordered to take his gang to Saltillo, in Hopkins county, for the purpose of loading onto a freight train some steel rails which had been left along the line after the construction of a switch track at said point. That he, together with his gang, went to said point on a hand car. That upon the arrival of the freight train at said place he, in connection with said other section hands, under the direction of Reynolds, the foreman of the Saltillo gang, proceeded to load the first pile of rails onto this freight train. That, after loading the first pile of rails, the freight train was moved by those in charge of it down to the next pile, some half mile distant. He, together with other section hands, at the direction of those in charge of the freight train, rode upon this train from the first pile to the second. They then loaded the second lot of rails onto the car. The manner of loading said rails was that two men on each end would pick up a rail and place one end of the rail upon the car, where two other men were standing, who took hold of the rail, while the men at the other end would shove or place the rail on the car. All of the rails had been so loaded except the last one, when it appears that the men on the car either dropped the rail, or in some other way it fell, striking plaintiff and seriously injuring him. During the time that these rails were being

loaded, the freight train was stationary. Said freight train was in charge of a conductor, operated by an engineer, fireman, and brakeman; but plaintiff had no connection with the management or operation of said train, unless the mere act of aiding his colaborers in loading the rails thereon brought him within the meaning of said terms. Appellee, however, contends that it does, and that therefore he was entitled to recover by virtue of article 4560f of the Revised Civil Statutes, which reads that: "Every person, receiver or corporation operating a railroad or street railway, the line of which shall be situated in whole or in part in this state, shall be liable for all damages sustained by any servant or employé thereof while engaged in the work of operating the cars, locomotives or trains of such person, receiver or corporation, by reason of the negligence of any other servant or employé of such person, receiver or corporation, and the fact that such servants or employés were fellow servants with each other shall not impair or destroy such liability."

If the facts bring appellee within the letter or the spirit of the statute above quoted, then he would be entitled to recover herein; otherwise not. He insists that at the time he was injured he was engaged in the operation of a train or car, as that term is used in said article, and therefore appellant cannot relieve itself from liability on the ground that his injury was due to the negligence of a fellow servant, and in support of said contention relies, among other cases, upon the case of Texarkana & Ft. S. Ry. Co. v. Anderson, 111 S. W. 173. While this case was affirmed by the Court of Civil Appeals of the Sixth District, yet a writ of error was afterwards granted by the Supreme Court and the case reversed and rendered by that court (see 102 Tex. 402, 118 S. W. 127), so that it is no longer authority for the contention of appellee. It is true, in that case the facts were different from those in the present case, in this, that in that the appellee and his colaborers were engaged in transporting the rails from the point where they were loaded on the car to the point where they were to be used by them in repairing the track; but the injury of which he complained, however, did not occur during the transportation of the rails, but after they reached the point where they were to be used and while they were being unloaded. For which reason, it appears, the Supreme Court held that, while said employés were unloading the push car, they were not engaged in the work of operating the car within the meaning of the statute quoted; and therefore appellant in that case could not be held liable under the statute.

We have carefully examined the remaining cases cited by appellee, but have concluded

that the most of them can be distinguished upon principle from the one at bar, and where they cannot they, in effect, have been overruled by the opinion of the Supreme Court above referred to. According to the undisputed evidence in the case at bar, appellee was not, at any time engaged in the operation of the car that was being loaded, in the sense contemplated by the statute. His duty was merely to assist in loading the rails upon a standing freight car, and he testified that he had nothing to do with the operation of said train. Under the facts in evidence, there was no greater hazard or danger in placing the rails upon the car than there would have been in placing them upon a wagon or other like vehicle; and he did not, in our judgment, come within the letter or the spirit of the statute that he has invoked. For which reason we believe, on the authority of the decision of the Supreme Court above mentioned, as well as the following cases, he is not entitled to recover: Railway v. Howard, 97 Tex. 513, 80 S. W. 229; G. C. & S. F. Ry. Co. v. Johnson, 47 Tex. Civ. App. 74, 103 S. W. 447; Lawrence v. Texas Central Ry. Co., 25 Tex. Civ. App. 293, 61 S. W. 342; Walker v. T. & N. O. Ry. Co., 51 Tex. Civ. App. 391, 112 S. W. 430.

Believing the undisputed evidence not only justified but required the trial court to peremptorily instruct a verdict in behalf of appellant, because it appears therefrom that appellee was injured on account of the negligence of a fellow servant, and that he did not come within the exemption provided by the statute, it becomes our duty to reverse the case and here render judgment in behalf of appellant, and it is, accordingly, so ordered.

Reversed and rendered.