Munia, Respondent, vs. Chicago & Northwestern Railway Company, Appellant.

*October 5, 1916—January 16, 1917.*

*Master and servant: Injury: Negligence of fellow-servants: Evidence: Weight and sufficiency.*

1. In an action for personal injuries alleged to have been caused by negligence of fellow-servants in throwing or dropping one end of a heavy timber which plaintiff and three others were moving across a railroad track, it is *held* that no negligence was shown, all the evidence being consistent with the theory that the timber fell by accident.

2. Plaintiff's testimony in such case that the timber was thrown is not entitled to weight, he having admitted that he did not see it thrown, and that he was not looking, so that all he knew was that it dropped or fell from the hands of the men at the opposite end.

Appeal from a judgment of the circuit court for Milwaukee county: J. C. Ludwig, Circuit Judge. *Reversed.*

This action was brought in the civil court of Milwaukee county to recover for personal injuries. There was a verdict and judgment for plaintiff and the defendant appealed to the circuit court. On appeal to the circuit court the judgment of the civil court was affirmed.

The material evidence as set forth in the opinion of the trial judge is as follows:

"The plaintiff was the only witness who gave evidence as to the manner in which the accident occurred. The testimony shows that the plaintiff, with three other men, was moving oak timbers, which he called ties, from a position where they were piled beside the track, to a point upon the opposite side of the track. The evidence further shows that the ground was soft and sandy, and their feet sank some distance in the ground as they carried the ties. The testimony further shows that the ties were seventeen inches square and twelve feet long. The four men engaged in removing the ties had already moved two to the point where they intended to pile them. In removing the third tie the plaintiff testi-

fied that it was to be placed up on top of one of the ties previously placed; that just as the two men at the opposite end from him had reached the tie upon which it was to be placed, and just before the end carried by the plaintiff had reached a position above the tie upon which it was to be placed, the two men at the end of the tie let it drop upon the lower tie; that the jar of the dropping loosened the hold of the man who was with the plaintiff, throwing the entire weight upon plaintiff; that he was unable to hold it and it dropped and injured his foot.    The evidence further shows that the drop from the position in which the men were carrying the tie to the one upon which it was to be placed, was eleven inches. . . .

"While the plaintiff in this action testified that the two men on the opposite end of the tie threw it down, the evidence clearly shows that he was unable to tell whether or not such is a fact.    He testified that at the time the tie was dropped he was looking straight ahead; that he did not know what were the intentions of the men on the opposite end of the tie in dropping it. . . .

"It was practically impossible for him to say whether the tie slipped from their hands, and it was impossible for him to determine what was going on in their minds as to their intentions in throwing the tie down, and this can only be left as a matter of conjecture."

*Edward M. Smart,* for the appellant.

*W. C. Seefeld,* for the respondent.

The following opinion was filed October 24, 1916:

KERWIN, J.    The facts as found by the trial judge are set out in the statement of the case and it is unnecessary to further repeat them in this opinion.    The negligence alleged is the dropping or throwing of a timber, causing one end to fall on plaintiff's foot.    It is conceded in the brief of counsel for respondent that the facts are fully set forth in the opinion of the trial court.    We think it clear upon the undisputed evidence that this case is ruled by *Schmit v. Frederickson,* 160 Wis. 426, 150 N. W. 426.    In that case two men were handling the timber, one at each end, and one man

dropped his end, which resulted in injury to plaintiff.    In the instant case the timber was larger than that in the *Schmit Case* and two men were carrying each end when the men at the end opposite plaintiff dropped the timber and plaintiff was injured.    In the instant case there is no evidence whatever that the men intentionally dropped or threw the timber, and all the evidence is consistent with the theory that it fell by accident from the hands of the parties carrying it without any negligence on their part.    It is true in this case as in the *Schmit Case* plaintiff testified that the timber was thrown, but he admitted that he did not see it thrown, that he was not looking, hence all he knew about its being thrown was that it dropped or fell from the hands of the men at the opposite end.

Counsel for respondent relies upon *Meo v. C. & N. W. R. Co.* 138 Wis. 340, 120 N. W. 344.    That case is clearly distinguishable from the instant case.    In the *Meo Case* the rail was to be dropped upon signal given and the evidence was conflicting as to whether the rail was dropped before the customary signal had been given by the foreman.    We think it clear that there was no evidence to support a verdict in favor of the plaintiff, therefore the judgment must be reversed.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with instructions to dismiss the action.

A motion for a rehearing was denied, with $10 costs, on January 16, 1917.